UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

**Jerry Thomas**,

          Plaintiff,

v.

**LeadPoint, Inc.**,

          Defendant.

Case No.

Complaint and Demand for Jury Trial

## COMPLAINT

**Jerry Thomas** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **LeadPoint, Inc.** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant conducts business in the State of Tennessee.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. Plaintiff is a natural person residing in Knoxville, Tennessee 37931.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with principal place of business, head office, or otherwise valid mailing address at 11801 Mississippi Avenue, Suite 100, Los Angeles, California 90025.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly texted messaged Plaintiff on his cellular phone on a repetitive and continuous basis regarding a loan.

13. There was no business or other relationship between the parties when the unlawful text messages were sent by Defendant and received by Plaintiff.

14. Plaintiff was not interested in a loan and did not seek information regarding any loan with Defendant or any other entity.

15. Defendant's text messages were not made for "emergency purposes."

16. Based upon investigation, document review and email exchanges with Defendant's Chief Operating Office Noah Staitman, none of which were the subject of any requested confidentiality by Staitman or Defendant proper, it became obvious that Defendant does not

maintain any reliable internal or external policy to obtain and preserve proof of prior express consent or at the very least did not utilize one with regard to Plaintiff.

17. Prior to filing suit, Defendant emailed Plaintiff what LeadPoint, Inc. Chief Operating Officer Noah Staitman identified as "proof of consent". This material was identified as a "report" coming from a third party "trusted service".

18. After reviewing the above-mentioned "proof of consent", Plaintiff provided Staitman with proof that its contents were unreliable because: (1) The IP address allegedly captured by Defendant's third party service was not associated with Plaintiff, his residence or his cell phone; (2) Web browser records shared with Defendant establish that Plaintiff never visited any of the websites identified by the third party service report; (3) Plaintiff never sought financing for a house at or near the operative time period time as had moved to Tennessee only a few months earlier and; (4) Texts began two years after alleged.

19. In response to the above, Staitman asserted by email that Defendant relied upon what it "perceived to be valid consent" in sending unlawful messages.

20. Further, Plaintiff's efforts to stop the unwanted text messages are documented on captured screenshots dated 1/13/19 and 1/9/20, copies of which were provided to Staitman.

21. Despite the above instructions, Plaintiff received a text message communication from Defendant after clear revoking any alleged consent.

22. Defendant by and through Staitman stated in email to Plaintiff's counsel that some messages were "sent in error".

23. Defendant had neither prior consent nor ceased its unlawful communication with Plaintiff even after acknowledged revocation occurred.

24. Defendant's text messages were bothersome, disruptive and frustrating for Plaintiff to endure.

25. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(B)

26. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23. Defendants initiated multiple telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

23. Defendants' calls were not made for "emergency purposes."

24. Defendants' calls to Plaintiff's cellular telephone without any prior express consent.

25. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

4

27. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Jerry Thomas,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

d. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3)); and

e. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Jerry Thomas,** demands a jury trial in this case.

Respectfully submitted,

Dated: 12/9/2020

By: *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com