# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE (KNOXVILLE)

| | |
|---|---|
| **Jerry Thomas**, | |
| Plaintiff, | **Case No.: 3:20-cv-00522** |
| v. | **U.S. District Court Judge Crytzer** |
| | **Magistrate Judge Guyton** |
| **LeadPoint, Inc.**, | |
| Defendant. | |

## PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

AND NOW, Plaintiff Jerry Thomas ("Plaintiff" or "Thomas") files his answer to the counterclaim asserted by Defendant LeadPoint, Inc. ("Defendant" or "LeadPoint").

1. Admitted upon information and belief.

2. Admitted.

3. Denied as a conclusion of law to which no response is required. To the extent a response is warranted, Plaintiff denies that this Court has supplemental jurisdiction under 28 U.S.C. § 1367(a), as the elements of the alleged common law/tort based counterclaim are entirely unique from Plaintiff's statutory federal claim asserted under the Telephone Consumer Protection Act. The counterclaim also does not stem from the same nucleus of operative facts as Plaintiff's claims. Furthermore, it would have a chilling effect on consumers for this Court to exercise supplemental jurisdiction businesses' counterclaims which are asserted under tort/common law in retaliation for consumers exercising their rights under federal consumer statutes.

4. Denied as stated. Plaintiff is without sufficient information as to LeadPoint's "beliefs" and therefore denies all assertions regarding same. The allegations are denied to the extent they assert Thomas provided consent to LeadPoint to make calls or texts.

5. Admitted in part and denied in part. Plaintiff admits those websites purport to offer such services. Plaintiff denies the allegations to the extent they infer or imply he provided consent to LeadPoint.

6. Admitted. Thomas admits he is a military veteran and this is reflected in his LinkedIn profile.

7. Denied. Thomas denies the allegations in this paragraph and leaves LeadPoint to its proofs.

8. Denied as stated. The allegations in this paragraph refer to an alleged Google search which (to the extent valid) would be a writing. To the extent a response is warranted, Thomas leaves LeadPoint to its proofs for this assertion.

9. Denied as stated. The allegations in this paragraph refer to an alleged Google search which (to the extent valid) would be a writing. To the extent a response is warranted, Thomas leaves LeadPoint to its proofs for this assertion.

10. Denied as stated. Thomas is without sufficient information as to what LeadPoint has been "informed" to admit or deny the allegations in this paragraph. Thomas denies providing consent for LeadPoint to place calls or texts and leaves LeadPoint to its strictest proofs for all allegations of same.

### Answer to Counterclaim I: Fraud

11. No response is required for this paragraph.

12. Denied as stated. Thomas is without sufficient information as to what LeadPoint has been "informed" to admit or deny that allegation. The remaining allegations are denied.

13. Denied. Thomas denies the allegations in this paragraph and leaves LeadPoint to its strictest proofs for same.

14. Denied as stated. Thomas' purported Google history (to the extent accurately portrayed) would be a writing which would state what it states. The remaining allegations are denied, leaving LeadPoint to its proofs.

15. Denied. Thomas denies his statements were false and vehemently denies his statements were knowingly false. Thomas believes these assertions by LeadPoint are retaliatory, harassing and inappropriate in response to a TCPA claim. Thomas avers this Court lacks supplemental jurisdiction over LeadPoint's retaliatory and meritless "counterclaim", which has no basis in federal law and does not stem out of the same operative facts or legal analyses as Plaintiff's TCPA claim.

16. Denied as a conclusion of law to which no response is required. To the extent a response is warranted, Thomas denies he made misrepresentations.

17. Denied as a conclusion of law to which no response is required. To the extent a response is warranted, Thomas denies he made misrepresentations.

18. Denied as a conclusion of law to which no response is required. Furthermore, this paragraph is difficult to decipher. To the extent a response is warranted and to the extent Plaintiff correctly understands what is being asserted, he responds that he did not provide false information in any "submission" to a third-party nor did he provide false information to LeadPoint.

19. Denied. Thomas denies making false claims and denies that LeadPoint was required to file an answer in the style it did, or that it was compelled to file its unusual and legally meritless counterclaim.

20. Denied as a conclusion of law to which no response is required. To the extent a response is warranted, Thomas denies any fraudulent activity. Thomas believes this "counterclaim" is meritless and retaliatory.

21. Denied as a conclusion of law to which no response is required. Thomas denies that LeadPoint is entitled to any damages from him.

WHEREFORE, Plaintiff Jerry Thomas respectfully requests the Court dismiss Defendant LeadPoint, Inc.'s counterclaim.

## AFFIRMATIVE DEFENSES

1. This court lacks supplemental jurisdiction over the counterclaim.

2. The counterclaim fails to assert a claim for which relief could be granted.

3. The counterclaim is barred in whole or in part under the doctrine of waiver.

4. The counterclaim is barred in whole or in part under the doctrine of laches.

5. The counterclaim is barred in whole or in part under the doctrine of unclean hands.

6. The counterclaim is barred in whole or in part under the doctrine of ratification.

7. The counterclaim is barred in whole or in part by the statute of limitations.

8. The counterclaim was brought in bad faith and in retaliation for Plaintiff exercising his rights under a federal consumer protection statute.

Respectfully submitted,

By: *s/ Amy L. B. Ginsburg*
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888 ext. 167
Facsimile: 877-788-2864

4

Email: teamkimmel@creditlaw.com

## **CERTIFICATE OF SERVICE**

I, Amy L.B. Ginsburg hereby certify that a true and correct copy of this answer was served on the following parties via ECF.

Esteban Morales (*pro hac vice*)
emorales@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO, P.C.
2029 Century Park East, Suite 3100
Los Angeles, CA 90067

Mary Dohner Smith, TN BPR No. 021451
mdohner@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
401 Commerce Street, Ste. 1010
Nashville, TN 37219

*/s/ Amy L.B. Ginsburg*

DATED: March 26, 2021